IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO LOPEZ, | Case No. 1:06-cv-0400 AWI TAG |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER (Doc. 27) |
| vs. | |
| COUNTY OF KERN, et al., | |
| Defendants. | |

**BACKGROUND**

On April 7, 2006, plaintiff Gino Lopez ("plaintiff"), through counsel, commenced the instant civil rights action, 42 U.S.C. § 1983, against defendants County of Kern, the Kern County Sheriff's Department, and various law enforcement personnel. (Doc. 1). Plaintiff alleged that his constitutional and state rights were violated while he was in the Central Receiving Facility of the Kern County Jail. (Docs. 1, 12). On January 11, 2007, the law firm representing plaintiff in this civil action moved to withdr**aw** as the attorneys of record. (Doc. 20). Following a February 12, 2007, hearing on the above-referenced motion, the undersigned granted the law firm's motion to withdraw, providing that the order would not be effective until the law firm filed proof that it had served the order on plaintiff. (Doc. 23, 24). The requisite proof of service was filed on March 2, 2007. (Doc. 25). On March 27, 2007, this Court issued an order, pursuant to a stipulation executed by plaintiff and the defendants' counsel, setting an April 9, 2007, status and scheduling conference to enable plaintiff to retain a new attorney to represent him. (Doc. 27). The order also directed the parties to file status reports no later than April 6, 2007. (Doc. 27). Plaintiff neither filed a status report nor appeared at the April 9, 2007, status and scheduling conference. (See docket report; Doc. 29).

This Court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules, especially when the court has given the party "abundant opportunity and incentive" to comply with the order. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal without prejudice for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Thompson, 782 F.2d at 832 (dismissal for failure to prepare for pretrial conference despite grants of extensions of time); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, plaintiff failed comply with this Court's order when he failed to submit a status report or appear, with or without counsel, at the April 9, 2007, status and scheduling conference. Accordingly, this Court ORDERS plaintiff, no later than April 30, 2007, to show cause in writing and by written declaration under penalty of perjury, why sanctions, including dismissal of this action, should not be imposed for plaintiff's failure to comply with this Court's order.

**Plaintiff is admonished that failure to timely comply with this order will result in a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated:   **April 13, 2007**                                              **/s/ Theresa A. Goldner**
                                                                 UNITED STATES MAGISTRATE JUDGE