IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GINO LOPEZ,

Plaintiff,

vs.

COUNTY OF KERN, et al.,

Defendants.
_______________________________/

Case No. 1:06-cv-0400 AWI TAG

REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS (Docs. 27, 30)

**BACKGROUND**

On April 7, 2006, plaintiff Gino Lopez ("plaintiff"), through counsel, commenced the instant civil rights action, 42 U.S.C. § 1983, against defendants County of Kern, the Kern County Sheriff's Department, and various law enforcement personnel. (Doc. 1). Plaintiff alleged that his constitutional and state rights were violated while he was in the Central Receiving Facility of the Kern County Jail. (Docs. 1, 12). On January 11, 2007, the attorneys representing plaintiff in this civil action moved to withdraw as plaintiff's attorneys of record. (Doc. 20). Following a February 12, 2007, hearing on the above-referenced motion, the undersigned granted the motion to withdraw, providing that the order would not be effective until plaintiff's attorneys filed a proof of service showing that a copy of the Court's order granting the motion had been served upon plaintiff. (Doc. 23, 24). The requisite proof of service was filed on March 2, 2007. (Doc. 25). On March 27, 2007, this Court issued an order, pursuant to a stipulation executed by plaintiff and the defendants' counsel, setting an April 9, 2007, status and further scheduling conference to enable plaintiff to retain a new attorney to represent him. (Doc. 27). The order also directed the parties to file status reports no later than April 6, 2007. (Doc. 27).

Plaintiff neither filed a status report nor appeared at the April 9, 2007, status and further scheduling conference. (See docket report; Doc. 29). On April 13, 2007, the undersigned issued an order directing plaintiff to show cause, in writing, as to why his action should not be dismissed for failure to comply with the Court's March 27, 2007, order. (Doc. 30). Plaintiff's written submission was due no later than April 30, 2007. (Id.). To date, plaintiff has not responded to the show cause order. (See docket report).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Carey v. King, 856 F.2d 1439 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc. 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d at 1424. The Court's order of April 13, 2007, expressly stated: "**Plaintiff is admonished that failure to timely comply with this order will result in a recommendation to dismiss this action.**" (Doc. 30) (emphasis in original). Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for plaintiff's failure to comply with the Court's March 27, 2007, and April 13, 2007, orders. (Docs. 27, 30).

This Report and Recommendation is submitted to the Honorable Anthony W. Ishii, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 7, 2007**

**/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE